**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Civil Case Number: _____

**CARLOS MONTOYA**,

*Plaintiff*,

**v.**

**FEDERAL BUREAU OF PRISONS,**
**SYLVESTER JENKINS (FEDERAL**
**BUREAU OF PRISONS, WARDEN),**
**JENNIFER BROTON (ASSISTANT**
**WARDEN, FEDRAL BUREAU OF**
**PRISONS), CORRECTIONAL**
**OFFICER, LYNETTE FAHIE,**
**PRISON GUARD(S), JOHN DOE**
**AND OR JANE DOE, DR. INERIO**
**ACLARCON (MEDICAL DIRECTOR,**
**FEDRAL BUREAU OF PRISONS, FCI**
**MIAMI), AND INMATE JOHN DOE,**

*Defendants*.

_____/

## **COMPLAINT**

**COMES NOW** Plaintiff, CARLOS MONTOYA, by and through the undersigned counsel, whom most respectfully states, allege, and pray:

### **JURISDICTION AND VENUE**

1.      This Honorable Court has exclusive jurisdiction pursuant to 28 U.S.C. § 1346(b) since this section grants exclusive jurisdiction to federal district courts over tort claims against the United States Government. This civil action or Tort claim against United States Government can be pursued due to the government's partially renounced sovereign immunity under the Federal Tort Claims Act. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

2.     This lawsuit also asserts claims for relief for violations of constitutional rights under the EighthAmendment of the Federal Constitution deliberate indifference, among other relevant actions, cruel omissions that generate a legitimate cause of action under color of said constitutional amendment and under 42 U.S.C. § 1983 (*Bivens vs. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 91 Sup. Ct. 1999, 403 U.S.388) and for violations of Florida law. This Court has original jurisdiction over Plaintiff's federal claims arising under the federal Constitution and its laws pursuant to 28 U.S.C. § 1331. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a)(1), since there is diversity of citizenship between the parties, and the matter in controversy exceeds $75,000, exclusive of interest and cost.

3.     Venue lies properly in this United States District Court for the Southern District of Florida, because when the controversy is found in a civil action on a tort claim against the United States, the civil action may be brought in the judicial district where the plaintiff resides, or wherein the act or omission complained occurred. In the case in point, the events that gave rise to the present claim ultimately occurred in the Miami, Florida, thus complying with provision 28 U.S.C. § 1402(b).

**DEMAND TRIAL BY JURY**

4.     Plaintiff expressly demands that all causes of action addressed in the present complaint be subject to a trial by jury demand.

**THE PARTIES**

5.     Mr. Carlos Montoya, hereinafter referred to as Mr. Montoya, is of legal age, businessman, and a resident of Miami, Florida.

6.     BUREAU OF PRISONS, hereinafter referred to as Defendant, is part of the United States' Department of Justice. Defendant may be served by serving the Regional Counsel. Bureau of Prisons, under the direction of the Attorney General, is responsible for providing safe keeping, care, subsistence, and protection for all persons convicted of offenses against the United States.

7.      Prison warden Sylvester Jenkins, Codefendant hereinafter, is of legal age, upon information and belief, resides in the United States. Warden Sylvester Jenkins is a Correctional Institution Administrator, responsible for exercising control and supervision of all aspects of the institution'sfunction including, but not limited, the security, protection, and safety of prisoners.

8.      Jennifer Broton, Codefendant, hereinafter, is of legal age, and is a Correctional Institution Administrator, responsible for exercising control and supervision of all aspects of the institution'sfunction including, but not limited, the security, protection, and safety of prisoners.

9.      Lynette Fahie, Codefendant hereinafter, is of legal age, and upon information and belief, resides in the United States. Lynette Fahie responsible for the safety, protection, and security of prisoners.

10.      Inerio Alarcon, Codefendant hereinafter, is of legal age, and upon information and belief, resides in the United States. Inerio Alarcon is the medical director at FCI MIAMI and is responsible for the health, safety, protection, and security of prisoners.

11.      Jane/John Doe, Codefendant hereinafter, is of legal age, and upon information and belief, resides in the United States. Jane Doe responsible for the safety, protection, and security of prisoners.

12.      Jane/John Doe, Codefendant hereinafter, is of legal age, and upon information and belief, resides in the United States. Jane/John Doe is a prisoner that is responsible for the safety, protection, and security of his fellow prisoners.

13.      The Plaintiff reserves the right expressly to seek leave to amend the verified complaint to include defendants whose identity and responsibility may be established during the course of discovery in the present case and or to correct the full identity of the above-mentioned defendants.

## NATURE OF THE LAWSUIT

14.      This lawsuit is the outcome of the violation of the 42 U.S.C Sec. 1983 civil rights,

under the VIII Amendment constitutional prohibition of cruel and unusual punishment and the negligence, deliberate indifference and intentional tort committed by the Defendant and Codefendants, failing to protect and provide proper medical treatment to Mr. Montoya or about November 15, 2019, while under the custody of the Federal Bureau of Prisons.

15. As a proximate cause of the above-mentioned violations or negligence, Mr. Montoya suffered several complications from an acute appendicitis.

16. Mr. Montoya has incurred and will continue to incur on health care expenses for extensive rehabilitation, surgery, and corrective surgery for his physical impairment.

### FACTS COMMON TO CAUSES OF ACTION

17. That on August 1, 2019, Mr. Montoya began his federal sentence at the Federal Correctional Institution in Miami, FL (Miami FCI).

18. That the Miami FCI hereinafter is classified within the Federal Bureau of Prisons classification system as an administrative facility.

19. That the Federal Government, specifically the Federal Bureau of Prisons, has a legal obligation to furnish each prison with the necessary medical personnel and conditions to guarantee the basic medical and safety of all inmates.

20. Miami FCI failed to provide Mr. Montoya with basic medical and safety services as are required by law and federal regulations PRIOR to and during the global pandemic.

21. That in mid-November 2019 Montoya developed abdominal pains that went untreated and undiagnosed despite the many complaints of the defemdamt. On or about November 19, 2019, Mr. Montoya had to be rushed by ambulance to the emergency room at Jackson South Hospital.  He was hospitalized and treated for extreme dehydration, exhaustion, abdominal pain, Pancolitis, AKI (acute kidney injury), PNA (pneumonia), Hypotension, Metabolic acidosis, Hyperphosphatemia, n Hypokalemia, Acute appendicitis, and an Acute perforated appendicitis. He was immediately admitted to Jackson Memorial Hospital and diagnosed with and swollen appendix that would require surgery. Because of the late time and failure of BOP to determine that a medical emergency was taking place, Mr. Montoya's appendix was ultimately removed

surgically. Because of the horrific and detrimental delay and misdiagnoses, his appendix ruptured. Post operatively, Mr. Montoya was released and given a regimen of post-op care that BOP failed to observe.

22.     The BOP and their staff failed to provide Montoya with his proper medical care both before and after his release from the hospital. He was told that antibiotics and other medications would not be permitted into the detention facility.  Mr. Montoya was placed on an intense regiment of antibiotics that eventually wiped out his microbiome and was prescribed a series of medications and supplements that the FBOP failed to deliver.  Montoya had to be admitted to the hospital on multiple occasions for follow up surgeries to clean out the infections which still exists and are considered chromic pelvic and other infections.  The exacerbation of his medical condition was/is caused by the deliberate indifference of the medical staff, detention staff, and the command staff at Miami FCI.  After returning from the hospital, Montoya would routinely not receive proper medication because BOP negligence acts did not allow him to re-enter the facility with proper medication from outside their own clinic.  Further, their own medical staff failed to provide adequate medical treatment that included their failure to provide him adequate post-operative follow up, medication, and treatment. This resulted in the infection spreading and ultimately needed additional surgeries and treatment to address.  This cycle continued and continues to this day.  Mr. Montoya is still not receiving medications and supplements in accordance with his discharge instructions because it is either not approved by BOP or they simply do not have it and do not order it, or otherwise exercise deliberate indifference and negligence.

23.     To this day, Mr. Montoya continues to lose weight and suffers severe intestinal distress and emotion torture. Since his last hospitalization, he has lost 12 additional pounds and has now experienced over **70 lbs** of total weight loss.  He continues with a non-functional digestive system with bouts of uncontrolled diarrhea and anal bleeding.  His medications are not being provided timely and the dietary supplements and other medications contained in his discharge papers from Larkin Hospital are not being filled and Montoya is told they **will not** order certain medications and supplements that were prescribed. His overall health continues to slowly decompensate and clearly is in dire need of proper medical treatment.

24.     That as a direct result of the above, Mr. Montoya has incurred and will continue to

incur in health care related expenses for extensive corrective surgery for his physical impairment as well as for his emotional distress. He also continues to suffer from acute bouts of illness and distress due to BOP's failure to act and/or their staff's continued failure to act.

## FIRST CAUSE OF ACTION

### Florida Vicarious Responsibility, Negligence Under Federal Tort Claims Act

25.     The allegations in paragraph 1 through 22 of this Verified Complaint are incorporated by reference, as if fully set forth herein.

26.     Under Florida law, a person who by wrongful act or omission causes damages to another through fault or negligence may be held liable for said acts or omissions. An employer incurs in vicarious responsibility when the wrongful act or omission is committed by his employee acting within the scope of his employment. Under the present set of facts, Codefendant Bureau of Prisonshas incurred in vicarious responsibility as a consequence of the negligence by omission of Codefendant's prison employees that were in charge of the custody and safety of Mr. Montoya.

27.      The injuries and damages that Mr. Montoya sustained and continues to sustain are the direct resultof the omission or wrongful act or conditions by which the employees failed to:

a.     Take the preventive or protective measures necessary to deter the serious risk to the health which Mr. Montoya was exposed; and

b.     The Officials, Counselors, guards or anyone else who is responsible for the prisoners' safety, did not take any preventive actions to protect and medically treat Mr. Montoya.

28.     Each one of these omissions or wrongful acts or conditions were negligent and were committedby one or more employees of the Federal Bureau of Prisons, who were acting in the course and scope of their employment.

29.     As a proximate cause of Codefendant Bureau of Prisons' violations or negligence, Mr. Montoya suffered severe physical damage to his person and body, emotional distress, and

economic damages.

30.    As a direct result of the foregoing, Mr. Montoya has sustained permanent injuries to his body and has and will experience physical pain and emotional distress.

31.    Mr. Montoya has incurred and will continue to incur on health care expenses for his physical impairments.

32.    As a direct or proximate cause of Codefendant Bureau of Prisons' negligence and reckless disregard for Mr. Montoya's safety and health, Mr. Montoya has suffered economic and consequential damages, special damages, which include, but are not limited to, medical expenses, lost income, and lost future financial opportunities, among other damages.

33.    That this Court grants reasonable attorneys' fees and costs and any other remedy, whether equitable or statutory, to compensate the above Plaintiff for Codefendant Bureau of Prisons' egregious conduct and neglect.

## SECOND CAUSE OF ACTION

**Violations of Title 42 United States Code Sec. 1983 Due to Defendants' Deliberate Indifference Failing to Protect Mr. Montoya from an Obvious Substantial Risk of Serious Harm involving his obvious medical conditions.**

### FIRST COUNT

34.    The allegations in paragraph 1 through 33 of this Complaint are incorporated by reference, asif fully set forth herein.

35.    The Constitution gives inmates a right to be protected from assault by other inmates; this rightis based on the Cruel and Unusual punishment Clause of the Eighth Amendment of the Constitution. Any person who under color of law violates this civil right is liable, In this failure to protect claim it must be proven that the Plaintiff was exposed to a substantial risk of serious harm and that the defendants, who's duties were to protect the inmate, had knowledge of this risk but did not respond reasonably in order to protect the Plaintiff. This failure to respond reasonably under these circumstances, by defendants, constitutes a deliberate indifference or reckless disregard violation of the VIII Amendment Cruel and Unusual punishment clause. Ultimately it must be proven that the

constitutional violation was the proximate cause of the injury sustained by the defendant.

36. Codefendant prison warden Sylvester Jenkins is a Correctional Institution Administrator at the Federal Detention Center, responsible for exercising control and supervision of all aspects of the institution's function including, but not limited to, the security, protection, and safety of prisoners.

37. Codefendant acted with deliberate indifference failing to protect Mr. Montoya from obvious substantial risk of serious harm to his life or health in light of existing medial conditions.

38. The FCI is classified as an Administrative Facility which houses prisoners of petty offenses with prisoners who have committed violent crimes such as murder, homicide and organized crimes. As such, the FCI Administrative Facility has a legal obligation to provide the necessary security, health safety conditions, and basic and emergency medical treatment necessary to house their prisoner population.

39. In an administrative facility such as FCI, which houses such a diverse prisoner population, itis common knowledge to the personnel responsible for the security and safety of the prisoners, thatthere exists a perennial risk of serious harm and emergency medical needs among inmates, especially if unattended byits security personnel. For this reason, it must have been obvious to Codefendant, upon repeated demands for medical assistance, that there was a substantial risk that Mr. Montoya faced in light of his repeated complaints of abdominal pain and consequential injuries resulting from is lack of medical treatment.

40. Despite Codefendant's knowledge of Mr. Montoya's obvious need for medical treatment and protection, Codefendant failed to respond reasonably to the substantial risk of serious harm that Mr. Montoya faced by not taking preventive or protective actions prior to the medical emergency. Codefendant's failure to treat and protect Mr. Montoya, ultimately, caused Mr. Montoya to suffer severe injury and emotional distress resulting from his ruptured appendix and lack of medical treatment and subsequent follow up treatment.

41. Codefendant's failure to take reasonable protective measures in response to a known risk, prior to the intentional neglect of his emergency medical condition, and during the subsequent

medial emergency, constituted an action of reckless disregard or deliberate indifference.

42.    As a result of Codefendant's deliberate indifference to Mr. Montoya's need for medical treatment and safety at FCI, Mr. Montoya'Eighth Amendment constitutional right, the prohibition to cruel and unusual punishment, was violated. This constitutional violation is the proximate cause of the injuries and emotional distresssustained and suffered by Mr. Montoya.

43.    As a direct result of the foregoing, Mr. Montoya has sustained permanent injuries to his body andhas and will experience physical pain and emotional distress. Mr. Montoya has incurred and will continue to incur on health care expenses for his physical impairments.

44.    As a direct or proximate cause of Codefendant's negligence and reckless disregard for Mr. Montoya's safety at FCI, Mr. Montoya has suffered economic and consequential, severe emotional distress, special damages, which include, but are not limited to, medical expenses, lost income, and lost future financial opportunities, among other damages.

45.    That Defendants, each and every one of them, are jointly and severely responsible for the damages suffered and that will be suffered to Plaintiff.

46.    That this Court grants exemplary (punitive) damages against the codefendant, as to the cause of action alleged herein.

## SECOND COUNT

47.    The allegations in paragraph 1 through 46 of this Complaint are incorporated by reference, asif fully set forth herein.

48.    In addition to the above, Plaintiffs hereby requests that the pleadings 33 through 46 be also incorporated by reference herein and applied in support of the merits of the Second Cause of Action against each named Defendant, In the present count, against prison assistant warden Jennifer Broton, who is a Correctional Administrator responsible for exercising control and supervisionof various aspects of the Institution's function, including, but not limited to, the security and safety of prisoners.

49.     As a direct or proximate cause of Codefendant's negligence and reckless disregard for Mr. Montoya' safety and medical condition at FCI, Mr. Montoya has suffered economic and consequential damages; severe emotional distress; special damages, which include, but are not limited to, medical expenses; lostincome; and lost future financial opportunities, among other damages.

50.     Plaintiff asks this Court to grant exemplary (punitive) damages against the codefendant, as to the cause of action alleged herein.

### THIRD COUNT

51.     The allegations in paragraph 1 through 50 of this Complaint are incorporated by reference, as if fully set forth herein.

52.     In addition to the above, Plaintiff' hereby request that the pleadings 33 through 50 be also incorporated by reference herein and applied in support of the merits of the Second Cause of Action against each named Defendant. In the present count, against prison employee, Lynette Fahie, and John Doe who are the persons responsible for all administrative matters in the FCI, including but not limited to prisoner's security, safety, and medical care.

53.     As a direct or proximate cause of Codefendant's negligence and reckless disregard for Mr. Montoya's safety at FCI, Mr. Montoya has suffered economic and consequential damages; severe emotional distress; special damages, which include, but are not limited to, medical expenses; lostincome; and lost future financial opportunities, among other damages.

54.     That this Court grants exemplary (punitive) damages against the codefendant, as to the cause of action alleged herein.

### FOURTH COUNT

55.     The allegations in paragraph 1 through 52 of this Complaint are incorporated by reference, as if fully set forth herein.

56.     In addition to the above, Plaintiff hereby requests that the pleadings 33 through 53 be also incorporated by reference herein and applied in support of the merits of the Second Cause of Action against each named Defendant, In the present count, against prison Lieutenant John Doe and/or Jane Doe, who is head of operations of FCI, responsible for all security matters including, but not limited, the supervision of guards and medical staff of the FCI and prisoner security and safety.

57.     As a direct or proximate cause of Codefendant's negligence and reckless disregard for Mr. Montoya' health, safety, and welfare at FCI, Mr. Montoya has suffered economic and consequential damages; severe emotional distress; special damages, which include, but are not limited to, medical expenses; lostincome; and lost future financial opportunities, among other damages.

58.     That this Court grants exemplary (punitive) damages against the codefendant, as to the cause of action alleged herein.

## FIFTH COUNT

59.     The allegations in paragraph 1 through 58 of this Complaint are incorporated by reference, asif fully set forth herein.

60.     In addition to the above, Plaintiff hereby requests that the pleadings 33 through 58 be also incorporated by reference herein and applied in support of the merits of the Second Cause of Action against each named Defendant. In the present count, against medical director, Inerio, Alarcon, who is a Correctional Institution Administrator, responsible for exercising control and supervisionof all aspects of the institution's function including, but not limited, the security, medical care, and safety of prisoners.

61.     As a direct or proximate cause of Codefendant's negligence and reckless disregard for Mr. Montoya' health and safety at FCI, Mr. Montoya has suffered economic and consequential

damages; severe emotional distress; special damages, which include, but are not limited to, medical expenses; lostincome; and lost future financial opportunities, among other damages.

62.    That this Court grants exemplary (punitive) damages against the codefendant, as to the cause of action alleged herein.

## SIXTH COUNT

63.    The allegations in paragraph 1 through 60 of this Complaint are incorporated by reference, asif fully set forth herein.

64.    In addition to the above, Plaintiff hereby requests that the pleadings 32 through 60 be also incorporated by reference herein and applied in support of the merits of the Second Cause of Action against each named Defendant. In the present count, against prison employee John Doe and/or Jane Doe is a Correctional Institution Administrator, responsible for exercising control and supervision of all aspects of the institution's function including, but not limited, the security, medical care, and safety of prisoners.

65.    As a direct or proximate cause of Codefendant's negligence and reckless disregard for Mr. Montoya' safety at FCI, Mr. Montoya has suffered economic and consequential damages; severe emotional distress; special damages, which include, but are not limited to, medical expenses; lostincome; and lost future financial opportunities, among other damages.

66.    That this Court grants exemplary (punitive) damages against the codefendant, as to the cause of action alleged herein.

## SEVENTH COUNT

67.    The allegations in paragraph 1 through 66 of this Complaint are incorporated by reference, asif fully set forth herein.

68.    In addition to the above, Plaintiff hereby request that the pleadings 33 through 66 be also incorporated by reference herein and applied in support of the merits of the Second Cause of Actionagainst

each named Defendant. In the present count, against prison Official John Doe and/or Jane Doe, who acted with deliberate indifference failing to protect Carlos Montoya' from obvious serious risk.

69.     As a direct or proximate cause of Codefendant's negligence and reckless disregard for Mr. Montoya' safety at FCI, Mr. Montoya has suffered economic and consequential damages; severe emotional distress; special damages, which include, but are not limited to, medical expenses; lostincome; and lost future financial opportunities, among other damages.

70.     That this Court grants exemplary (punitive) damages against the codefendant, as to the cause of action alleged herein; in an amount not less than $500,000.00.

## EIGHTH COUNT

71.     The allegations in paragraph 1 through 70 of this Complaint are incorporated by reference, as if fully set forth herein.

72.     In addition to the above, Plaintiff hereby requests that the pleadings 33 through 70 be also incorporated by reference herein and applied in support of the merits of the Second Cause of Actionagainst each named Defendant. In the present count, against Correctional Officer, John Doe and/orJane Doe, who is responsible for enforcing the rules and regulations governing the operation of acorrectional institution including, but not limited, the confinement, safety, health and protection of inmates.

73.     As a direct or proximate cause of Codefendant's negligence and reckless disregard for Mr. Montoya' safety at FCI, Mr. Montoya has suffered economic and consequential damages; severe emotional distress; special damages, which include, but are not limited to, medical expenses; lostincome; and lost future financial opportunities, among other damages.

74.     That this Court grants exemplary (punitive) damages against the codefendant, as to the cause of action alleged herein.

## NINTH COUNT

75.    The allegations in paragraph 1 through 33 of this Complaint are incorporated by reference, asif fully set forth herein.

76.    In addition to the above, Plaintiff hereby requests that the pleadings 32 through 74 be also incorporated by reference herein and applied in support of the merits of the Second Cause of Actionagainst each named Defendant. In the present count, against prison Guard John Doe and/or Jane Doe, who is responsible for the safety, protection and security of prisoners.

77.    As a direct or proximate cause of Codefendant's negligence and reckless disregard for Mr. Montoya' safety at FCI, Mr. Montoya has suffered economic and consequential damages; severe emotional distress; special damages, which include, but are not limited to, medical expenses; lostincome; and lost future financial opportunities, among other damages.

78.    That this Court grants exemplary (punitive) damages against the codefendant, as to the cause of action alleged herein.

## TENTH COUNT

79.    The allegations in paragraph 1 through 33 of this Complaint are incorporated by reference, asif fully set forth herein.

80.    In addition to the above, Plaintiff hereby request that the pleadings 33 through 78 be also incorporated by reference herein and applied in support of the merits of the Second Cause of Action against each named Defendant. In the present count, against John Doe and/or Jane Doe, who is responsible for the safety, protection, and security of prisoners.

81.    As a direct or proximate cause of Codefendant's negligence and reckless disregard for Mr. Montoya' safety at FCI, Mr. Montoya has suffered economic and consequential damages; severe emotional distress; special damages, which include, but are not limited to, medical expenses; lostincome; and lost future financial opportunities, among other damages.

82.     That this Court grants exemplary (punitive) damages against the codefendant, as to the cause of action alleged herein.

**WHEREFORE**, in view of the above, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and thereby provide and order the following:

**ON THE FIRST CLAIM OF RELIEF IN THE COMPLAINT FOR FLORIDA VICARIOUS RESPONSIBILITY, NEGLIGENCE UNDER FEDERAL TORT CLAIMS ACT**:

A. Plaintiff Mr. Montoya seeks from Codefendant Bureau of Prisons, as a direct result of Codefendant Bureau of Prison's vicarious responsibility and negligence, economic and consequential damages;severe emotional distress, and special damages, which include, but are not limited to, medical expenses, lost income, and lost future financial opportunities.

B. That this Court grants reasonable attorneys' fees and costs and any other remedy, whether equitable or statutory, to compensate the above Plaintiffs for Codefendant Bureau of Prisons' egregious conduct.

**ON THE SECOND CLAIM OF RELIEF FOR VIOLATIONS OF TITLE 42 UNITED STATES CODE SEC. 1983 DUE TO CODEFENDANTS DELIBERATE INDIFFERENCW IN FAILING TO PROVICE MEDICAL CARE, AND FAILURE TO PROTECT CARLOS MONTOYA'S FROM OBVIOUS SUBSTANTIAL RISK IN THE FIRST THROUGH TENTH COUNT:**

A. Plaintiff Mr. Montoya seeks from each individual Codefendant, as a direct result of Defendants' deliberate indifference failing to protect Plaintiff from obvious and substantial risk, prison warden Sylvester Jenkins, assistant warden, Jennifer Broton,  prison captain John Doe and/or Jane Doe, prison official John Doe and/or Jane Doe, Correctional Officer John Doe and/or Jane Doe, prison Guard John Doe and/or Jane Doe, medical director, Inerio Alarcon, and John Doe and/or Jane Doe, economic andconsequential damages; severe emotional distress; special damages, which include, but are not limited to, medical expenses; lost income and lost future financial opportunities, among other damages.

B. That Defendants, each and every one of them, are jointly and severely responsible for the damages suffered and that will be suffered to Plaintiff.

C. That this Court grants exemplary or punitive damages against the individual Defendants as to the cause of action alleged herein.

D. That this Court grants Attorneys' fees and costs and any other remedy, whether equitable or statutory, against Defendants as to the causes of action alleged under the constitution and laws of the United States and the laws of the State of Florida.

    **MOREOVER**, Plaintiff respectfully request that this Court grant whatever remedies said party isentitled to receive, whether equitable or statutory in nature. That this Court grant any other remedy,whether statutory or equitable, that Plaintiffs may be entitled to receive under the present factual scenario.

**DEMAND FOR JUDGMENT**

    **WHEREFORE**, Plaintiff demands a jury trial of this action, and further demands judgment against Defendant for general damages, and for such other and further relief, in law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**PRIETO LAW FIRM**
201 S. Biscayne Blvd., Suite 2800
Miami, FL 33131
Phone: (305) 577-3440
Fax:    (305) 913-1301
frank@frankprietolaw.com

**CERTIFICATE OF SERVICE**

    I HEREBY certify that on this **18th day of September 2019,** I electronically filed the foregoing document with Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission Notices of Electronic Filing generated by CM/ECF.

By:    **/s/Frank A. Prieto**
           FRANK A. PRIETO, ESQ.
           Florida Bar No.: 514071

_____
PRIETO LAW FIRM
201 S. Biscayne Blvd., Suite 2800, Miami, FL 33131
Office (305) 577-3440♦Fax (305) 913-1301