UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 1:21-CV-23368-DPG-TORRES

CARLOS MONTOYA,

*Plaintiff*,

v.

THE UNITED STATES OF AMERICA,

*Defendant*.

_____/

## AMENDED COMPLAINT

COMES NOW, Plaintiff, CARLOS MONTOYA, by and through his attorneys, Prieto Law Firm, and complaining of Defendant, THE UNITED STATES OF AMERICA, individually and by and through its agents, servants, and employees, states as follows:

## THE PARTIES

1. Plaintiff, Carlos Montoya, is a resident of the State of Florida.

2. Defendant, The United States of America (hereinafter, "UNITED STATES"), is the proper Defendant pursuant to Federal Tort Claims Act (FTCA), 28 U.S.C. §§1346(b), 2401(b), 2671, et seq.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to the Federal Tort Claims Act

1

(FTCA), 28 U.S.C. §§1346(b), 2401(b), 2671, et seq, and Plaintiff submitted his FTCA claim administratively on or about February 17, 2020.

4. The United States denied his claim on or about March 18, 2021.

5. Venue lies properly in this United States District Court for the Southern District of Florida, because when the controversy is found in a civil action on a tort claim against the United States, the civil action may be brought in the judicial district where the plaintiff resides, or wherein the act or omission complained occurred. In the case in point, the events that gave rise to the present claim ultimately occurred in Miami, Florida, thus complying with provision 28 U.S.C. § 1402(b).

## ALLEGATIONS COMMON TO ALL COUNTS

6. During the years of 2019 through 2021 and at all times relevant herein, SYLVESTER JENKINS ("JENKINS"), was the Warden of the Federal Correctional Institution, Miami, Florida ("FCI Miami"). JENKINS was responsible for exercising control and supervision of all aspects of the institution's function including, but not limited, the security, protection, and safety of prisoners.

7. INERIO ALARCON ("ALARCON") was/is the medical director at FCI MIAMI and is responsible for the health, safety, protection, and security of prisoners at all times material hereto.

8. At all relevant times herein, JENKINS and ALARCON were agents, servants, or employees of Defendant, UNITED STATES.

2

9. At all relevant times herein, FEDERAL BUREAU OF PRISONS ("FBOP") is a government agency created by Congress, and is owned, operated, and run by the United States of America.

10. At all relevant times herein, Defendant UNITED STATES employed, contracted with, and otherwise authorized various UNKNOWN AGENTS to operate FCI Miami.

11. At all relevant times herein, JENKINS and ALARCON were acting within the course and scope of their authority as employees and/or agents of Defendant UNITED STATES and the Federal Bureau of Prisons.

12. At all times mentioned herein, JENKINS and ALARCON were apparent agents of Defendant UNITED STATES and were acting within the scope of their apparent agency.

13. Relief is sought against the Defendant, UNITED STATES, as well as its agents, assistants, successor, employees and persons acting in concert or cooperation.

14. At all times relevant herein, JENKINS AND ALARCON, and their agents, assistants, and employees acted pursuant to the policies, regulations or decisions officially adopted or promulgated by those in the Federal Bureau of Prisons, whose acts may fairly be said to represent official policy or were pursuant to governmental custom of the United States of America.

15. That at all times relevant hereto, Plaintiff was an inmate housed at Federal Correctional Institution, Miami, ("FCI Miami"), which is a United States Federal correctional

facility within the Federal Bureau of Prisons.

16. On August 1, 2019, CARLOS MONTOYA ("MONTOYA") began his federal sentence at the Federal Correctional Institution in Miami, Florida (FCI Miami). Prior to beginning his federal sentence, MONTOYA had only minor health issues.

17. That in mid-November 2019 Montoya developed abdominal pains that went untreated and undiagnosed despite the many complaints of the defendant.

18. On or about November 19, 2019, MONTOYA was rushed by ambulance to the emergency room at Jackson South Community Hospital.

19. MONTOYA was immediately admitted to Jackson South Community Hospital ("Jackson South") and diagnosed with a swollen appendix that would require surgery. Because of the delay in time and failure of FBOP to determine that a medical emergency was taking place, MONTOYA's appendix was ultimately removed surgically after rupturing.

20. During his emergency admission and the following weeks of hospitalization at Jackson South, Plaintiff MONTOYA met with many surgeons, physicians, and specialists who diagnosed and treated MONTOYA.

21. MONOTYA was hospitalized and treated for extreme dehydration, exhaustion, abdominal pain, Pancolitis, AKI (acute kidney injury), PNA (pneumonia), Hypotension, Metabolic acidosis, Hyperphosphatemia, Hypokalemia, Acute appendicitis, and an Acute perforated appendicitis; these conditions required multiple surgeries.

22. The physicians, surgeons, and specialists at Jackson South were qualified to diagnose, treat, operate, and provide post-operative care to MONTOYA.

23. Upon MONTOYA's discharge, the medical professionals from Jackson South provided follow-up care instructions and recommendations for MONTOYA which included antibiotics, follow-up visits, specialist visits, and other prescribed medications and supplements.

24. MONTOYA was returned to FCI Miami with his medications, prescriptions, and follow-up instructions.

25. Upon returning to FCI Miami, Plaintiff MONTOYA requested his medications and proper follow up care.

26. Despite the orders from the medical professionals from Jackson South, and Plaintiff MONTOYA's requests, JENKINS, ALARCON, and the other employees of FCI, Miami refused to allow Plaintiff to get the proper medications and follow-up care.

27. Because of their refusal, MONTOYA required multiple hospitalizations thereafter because he did not receive proper follow-up care and his prescribed medications.

28. MONTOYA was also hospitalized at Larkin Community Hospital. The physicians, surgeons, and specialists at Larkin Community Hospital ("LARKIN") were qualified to diagnose, treat, operate, and provide post-operative and follow-up care to MONTOYA.

29. Upon MONTOYA's discharge from LARKIN, the medical professionals provided

follow-up care instructions and recommendations for MONTOYA which included antibiotics, follow-up visits, specialist visits, diagnostic visits, and additional medications, prescriptions and supplements.

30. MONTOYA was returned to FCI Miami with his medications, prescriptions, and follow-up care instructions.

31. Upon returning to FCI Miami, Plaintiff MONTOYA requested his medications, follow-up visits, specialist visits, diagnostic visits, additional medications, prescriptions and supplements.

32. Despite the orders from the medical professionals from LARKIN and Plaintiff MONTOYA's requests for his medications, follow-up visits, specialist visits, diagnostic visits, additional medications, prescriptions and supplements, JENKINS, INEIRO, and the other employees of FCI Miami refused to allow Plaintiff to get the proper medications and follow-up care.

33. This cycle continued until MOTOYA's release from the custody of FBOP.

34. MONOTYA presented to several hospitals, medical centers, and specialists after his release from FBOP seeking proper medical care.

35. As a result of the delays in treatment or not receiving treatments, care, appointments, follow-ups, follow-up appointments, medications, and/or supplements during his incarceration, Plaintiff MONTOYA suffered continued pain and his medical conditions only worsened to the point he has permanent debilitating chronic medical conditions.

## COUNT I

**Negligence Pursuant to the FTCA Against THE UNITED STATES OF AMERICA**

1-35. Plaintiff repeats and realleges Paragraphs 1 through 35 of this Complaint as to Count I as if fully set forth herein.

36. Plaintiff continually informed Defendant UNITED STATES, through its agents, servants, or employees, of his complaints regarding his injuries, need for medical care, lack of diagnostic care, lack of follow-up care and complaints to receive the medications and supplements he needed and/or was prescribed.

37. That on numerous occasions from the date of his initial complaints on or about November 19, 2019, Defendant UNITED STATES, by and through its agents FBOP, JENKINS, INERIO ALARCON, and any unknown agents, refused to provide Plaintiff with the necessary medical care, medications, surgeries, treatments, specialist follow-ups, and diagnostics for his medical conditions.

38. That between November 19, 2019 and his release from FBOP custody, the Plaintiff's medical conditions continued to deteriorate.

39. That Defendant UNITED STATES, individually and by and through its agents, was then and there guilty of the following acts or omissions:

    a.    Deliberately ignored the seriousness of Plaintiff's medical condition and refused to allow him to have proper follow-up care, proper medications and supplements, proper diagnostic care, and medical visits to

specialists;

b.  Carelessly and negligently failed to provide Plaintiff with necessary medical care and treatment, and was indifferent to the severity of Plaintiff's medical needs and conditions;

c.  Carelessly and negligently failed to provide Plaintiff with prescribed medication and ignored qualified physicians' orders regarding diagnostic and follow-up care regarding Plaintiff's medical condition;

d.  Carelessly and negligently failed to timely provide Plaintiff with necessary follow-up care, proper medications and supplements, proper diagnostic care, and medical visits to specialists;

e.  Was otherwise careless and negligent.

40. As a direct and proximate result of the foregoing acts or omissions on the part of Defendant, UNITED STATES OF AMERICA, individually and by and through its agents, Plaintiff, CARLOS MONTOYA, was severely and permanently injured, sustained great mental and physical pain and suffering, sustained damage to his bodies entire microbiome, entire digestive system, and other systems of the body, was kept from attending to his ordinary affairs and duties and lost great gains which he would otherwise have made and acquired as well as incurring other damages.

**WHEREFORE**, Plaintiff, CARLOS MONTOYA, prays that this Court find and hold that his Constitutional rights have been violated by Defendant, and enter judgment in his

favor and against Defendant UNITED STATES OF AMERICA, individually and by and through its agents, in an amount in excess of Two Hundred and Fifty Thousand and No/100 ($250,000.00) Dollars, plus punitive damages, costs and attorney's fees, and for whatever further and additional relief for Plaintiff this Court deems just and fair.

## **DEMAND TRIAL BY JURY**

Plaintiff expressly demands that all causes of action addressed in the present complaint be subject to a trial by jury demand.

Respectfully submitted,

**PRIETO LAW FIRM**
55 Merrick Way, Suite 212
Coral Gables, FL 33131
Phone: (305) 577-3440
Fax:     (305) 913-1301
frank@frankprietolaw.com

By:     */s/Frank A. Prieto*
FRANK A. PRIETO, ESQ.
Florida Bar No.: 514071

9

## CERTIFICATE OF SERVICE

I HEREBY certify that on this **31st Day of December 2022,** I electronically filed the foregoing document with Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission Notices of Electronic Filing generated by CM/ECF.

By:     */s/Frank A. Prieto*
           FRANK A. PRIETO, ESQ.
           Florida Bar No.: 514071